UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ORLANDO SANTOS LARA,<br>Petitioner,<br>v.<br>BRUCE SCOTT, *et al.*,<br>Respondents. | CASE NO. 2:26-cv-02908-GJL<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Orlando Santos Lara ("Petitioner") is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On August 15, 2026, Petitioner, through counsel, filed a federal habeas Petition under 28 U.S.C. § 2241 and seeks a conditional writ of habeas corpus directing that he be provided a bond hearing. *Id.* Respondents to the Petition include Bruce Scott (Warden of the NWIPC), Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Markwayne Mullin (the Department of Homeland Security ("DHS") Secretary), and Todd Blanche (U.S. Attorney General).[1] The Petition has been fully briefed. Dkts. 1, 8, 11.

[1] The Parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 5.

Having considered the Parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition **IN PART** and **ORDERS** that Petitioner be provided an individualized bond hearing as set forth in the conclusion below.

## I. FACTS

Although disagreement exists as to the legal conclusions drawn therefrom, the operative facts alleged in the Petition (Dkt. 1 at 6–8) and summarized in the Return (Dkt. 8 at 2–4) are largely undisputed and only the following material facts are summarized herein.

Petitioner, a citizen of Honduras, initially entered the United States on or around 1997 and was granted Temporary Protected Status ("TPS") from 2000 until approximately 2015. Dkt. 1 at 6; Dkt. 8 at 2. Petitioner was granted travel authorization by immigration authorities in 2014. Dkt. 1 at 6; Dkt. 8 at 2–3. On or around December 26, 2014, Petitioner returned to the United States at the Houston, Texas, port of entry under advanced parole. Dkt. 1 at 6; Dkt. 8 at 3. Petitioner continued to reside in the United States and did not depart following the expiration of his TPS status on or around 2015. Dkt. 1 at 4; Dkt. 8 at 3.

On July 3, 2026, immigration officials abruptly detained Petitioner during a traffic stop in Seattle, Washington. Dkt. 1 at 2, 7; Dkt. 8 at 3. Petitioner has not received an individualized bond hearing in a neutral forum to address the reasons for his current detention. Dkt. 1 at 2, 8; *see* Dkt. 8. Petitioner remains detained at NWIPC. Dkt. 1 at 2; *see* Dkt. 8. Petitioner is not subject to a final order of removal. Dkt. 1 at 8; Dkt. 8 at 4.

## II. DISCUSSION

Petitioner raises several grounds for habeas relief in his Petition. Most relevant here, Petitioner alleges that his detention without any meaningful opportunity to be heard on the reasons for that detention violates the Due Process Clause of the Fifth Amendment. Dkt. 1 at 10–11. Petitioner further contends that, because he was apprehended in the interior of the United

States after residing in this country for nearly three decades, he was not "seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A). *Id.* at 10. Accordingly, Petitioner maintains that his detention without an individualized bond hearing is unlawful and that he is entitled to conditional writ of habeas corpus on that basis. *Id.* at 12.

Respondents raise two arguments in opposition. Dkt. 8. First, Respondents contend the Court lacks jurisdiction because determining the statutory authority governing Petitioner's detention would impermissibly interfere with his ongoing removal proceedings. *Id.* at 5–8. For the reasons discussed in *Gutierrez Navarro v. Noem*, No. 2:26-CV-00334-TLF, 2026 WL 482686, at *2–3 (W.D. Wash. Feb. 20, 2026), the Court disagrees and concludes that it has jurisdiction to consider Petitioner's challenge to the legality of his detention.

Second, Respondents contend Petitioner's detention does not violate due process because it has not become "unreasonably prolonged." Dkt. 8 at 8–9. But that argument is not responsive to Petitioner's claims. Petitioner does not contend merely that an otherwise lawful period of mandatory detention has become unconstitutionally prolonged. Rather, he contends that he is not subject to mandatory detention under § 1225(b)(2)(A) in the first instance and is instead detained under § 1226(a), which permits release on bond. Dkt. 1 at 10. He separately contends that his detention without a meaningful opportunity to contest its necessity violates procedural due process. *Id.* at 10–11.

Respondents neither meaningfully address either contention,[2] nor do they reconcile their position with *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165–93 (9th Cir. 2026), which holds that noncitizens present without admission who are apprehended in the interior of the

---

[2] "Where, as here, Respondents outline legal standards without a discernible effort to apply the law to the specific facts of Petitioners' case, the Petition may be treated as 'functionally unopposed.'" *Caisa Telenchana v. Hermosillo*, No. 2:26-CV-00363-GJL, 2026 WL 696806, at *7 (W.D. Wash. Mar. 12, 2026) (quoting *Roca v. Scott*, No. 2:25-cv-02551, 2026 WL 60412, at *3 (W.D. Wash. Jan. 8, 2026)).

United States are governed by § 1226, not § 1225(b)(2)(A). Moreover, Respondents fail to address the substantial authority in this District finding that noncitizens in similar circumstances—including those detained after residing in the United States pursuant to TPS—are entitled to an individualized bond hearing as a matter of procedural due process, given the substantial liberty interest at stake, the risk of erroneous deprivation absent individualized review and an opportunity to be heard, and the comparatively minimal administrative burden associated with providing such a hearing. *See, e.g.*, *Gutierrez Navarro*, 2026 WL 482686, at *4–6 (applying *Mathews v. Eldridge*, 424 U.S. 319 (1976), and concluding that due process required an individualized bond hearing for noncitizen apprehended within the interior of United States following apparent expiration of TPS); *Diaz-Aguero v. Noem*, No. 2:26-CV-00637-TLF, 2026 WL 915053, at *3–6 (W.D. Wash. Apr. 3, 2026) (same); *see also Mendez Rodriguez v. Hernandez*, No. 2:26-CV-02620-GJL, 2026 WL 2546112, at *3 (W.D. Wash. Aug. 28, 2026) ("Despite its constitutionally critical utility and the limited administrative burden [the provision of a bond hearing] entails, Respondents failed to provide such procedural protections in this case and many others like it.") (collecting cases).

Accordingly, given Respondents' failure to meaningfully engage with Petitioner's statutory and constitutional arguments and the substantial authority supporting Petitioner's position, the Court concludes that Petitioner's detention is governed by § 1226(a) and that Petitioner is entitled to an individualized bond hearing under that provision. The Court further concludes that, under the circumstances presented here, Petitioner's continued detention without a meaningful opportunity to be heard on the reasons for his current detention violates the Due Process Clause of the Fifth Amendment.

## III. CONCLUSION

In light of the foregoing, the Court **ORDERS** as follows:

(1) The Petition (Dkt. 1) is **GRANTED IN PART**;

(2) Respondents **SHALL provide** Petitioner Orlando Santos Lara with an individualized bond hearing, on adequate notice to Petitioner and his appropriate counsel, before an Immigration Judge **within fourteen days of this Order** unless the hearing is continued at the Petitioner's request. The Government **SHALL** bear burden of proof by clear and convincing evidence that Petitioner poses a risk of flight or danger to the community, and the Government **SHALL** create a neutral contemporaneous record of the proceeding;[3]

(3) If a bond hearing is not provided within fourteen days of the date of this Order, or within a period of continuance requested by Petitioner, Respondents **SHALL release** Petitioner subject to reasonable conditions of supervised release **no later than the fifteenth day after the date of this Order or the day following a period of continuance requested by Petitioner**;

(4) Respondents **SHALL file** a declaration with the Court confirming that Petitioner received a bond hearing—and the results of that hearing—or otherwise confirming Petitioner's request for a continuance or his release by **October 19, 2026;**

(5) If the bond hearing is continued at Petitioner's request, Respondents **SHALL file** a supplemental declaration confirming that Petitioner received a bond hearing—and the results of that hearing—or otherwise confirming Petitioner's release **within two days of the date of the continuance**.

Finally, the Court will entertain any post-judgment motion for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 2nd day of October, 2026.

Grady J. Leupold
United States Magistrate Judge

[3] The conditional writ in this case closely resemble that issued to redress similar statutory and constitutional injuries by the court in *Diaz*-Aguero, 2026 WL 915053, at *6.